NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-10260 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00086-WHO-1 |
| v. | |
| ALEJANDRO ALVAREZ, AKA Alejandro Alvarez Castro, AKA Alejandro Castro-Lopez, AKA Chewy, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted April 5, 2024
San Francisco, California

Before:  M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

Alejandro Alvarez, also known as "Chewy," was convicted after a jury trial

of possession with intent to distribute more than 500 grams of methamphetamine

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Alvarez appeals the district

court's denial of his pretrial motion to suppress evidence obtained from his cell-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

phone provider, his residence, his person, and two cell phones found in his possession at the time of his arrest. Alvarez also appeals the district court's denial of a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). We review de novo the district court's ruling on a motion to suppress and its denial of a *Franks* hearing. *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1. The district court did not err in concluding that probable cause supported the first two warrants issued in this case, each of which authorized the collection of cell-location information from Chewy's suspected mobile device (the "Ping Warrants"). *See United States v. Elmore*, 917 F.3d 1068, 1074 (9th Cir. 2019) ("Probable cause exists where the totality of the circumstances indicates a 'fair probability that . . . evidence of a crime will be found in a particular place.'" (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983))). The affidavits supporting the Ping Warrants contained reports by a confidential informant who provided Chewy's known phone number and stated that Chewy could provide methamphetamine and heroin. Although the affidavits did not contain information about the confidential informant's credibility, the affiant officer, Officer Tursi, explained that the confidential informant's reports were corroborated through

supervised controlled buys. As the district court found, these facts provided a "substantial basis" for the issuing magistrate to conclude that the evidence sought would lead to evidence of wrongdoing. *See United States v. Bishop*, 264 F.3d 919, 925–26 (9th Cir. 2001); *see also United States v. Artis*, 919 F.3d 1123, 1134–35 (9th Cir. 2019) (upholding probable cause determination where officers corroborated unidentified informant's tip).

2. The district court did not err in concluding that probable cause supported the third warrant issued in this case, which authorized a search of Alvarez's person and Alzarez's suspected residence (the "Personal Warrant"). *See Elmore*, 917 F.3d at 1074. Officer Tursi's supporting affidavit recounted: (1) the prior controlled buys; (2) the officers' observation that a man matching Alvarez's description answered when they called the cell phone number subject to the Ping Warrants; (3) the officers' observations of the same man leave Alvarez's suspected residence and lock the door; and (4) the results of the Ping Warrants, which often placed the subject cell phone at this residence. Officer Tursi also stated his belief, based on training and experience, that those involved in drug trafficking often keep narcotics in their homes. Taken together, these facts provided a substantial basis for the issuing magistrate to infer that evidence of drug trafficking would be found on Alvarez and in his suspected residence. *See United States v. Kvashuk*, 29 F.4th 1077, 1085 (9th Cir. 2022); *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399

(9th Cir. 1986).

3. Nor did the district court err in concluding that probable cause supported the warrantless arrest of Alvarez, incident to which police seized from his person two cell phones and keys to the residence subject to the Personal Warrant. *See United States v. Brobst*, 558 F.3d 982, 997 (9th Cir. 2009). Even assuming the arrest occurred when Officer Tursi pointed his gun toward Alvarez to stop Alvarez's flight, *see United States v. Smith*, 633 F.3d 889, 892–93 (9th Cir. 2011), this attempted flight, along with the officers' prior investigations, established "a fair probability that [Alvarez] had committed a crime." *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010) (quoting *United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984)).

4. The district court did err in concluding that the fourth and final warrant issued in this case, which authorized a search of the contents of the cell phones found on Alvarez following his arrest (the "Cell Warrant"), was not overbroad.[1] *See King*, 985 F.3d at 707. While Officer Tursi's supporting affidavit established probable cause to believe that evidence of communications about drug-sales activities would be found on the cell phones, the affidavit provides no basis to conclude that the cell phones' media files would contain evidence of drug

---

[1] We otherwise agree with the district court that the Cell Warrant's supporting affidavit met the Fourth Amendment's particularity requirements. *See United States v. King*, 985 F.3d 702, 707 (9th Cir. 2021).

4

trafficking. *See id.* ("The scope of a warrant must be limited by its probable cause." (citing *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 702 (9th Cir. 2009))). Therefore, the Cell Warrant was overbroad with respect to the seizure of the cell phones' media files. *See SDI Future Health*, 568 F.3d at 705 (finding portions of a warrant overbroad where "probable cause [did not] exist[] to seize all items of [those] particular type[s]" (alterations in original) (quoting *United States v. Adjani*, 452 F.3d 1140, 1148 (9th Cir. 2006))).

However, as Alvarez conceded during oral argument, the district court's error was harmless given the other evidence obtained and introduced at trial. *See* 28 U.S.C. § 2111; Fed. R. Crim. P. 52(a). "A party . . . is bound by concessions made in its brief or at oral argument." *Hilao v. Est. of Marcos*, 393 F.3d 987, 993 (9th Cir. 2004) (citing *United States v. Crawford*, 372 F.3d 1048, 1055 (9th Cir. 2004) (en banc)).

5. Finally, the district court did not err in denying Alvarez a *Franks* hearing. Alvarez failed to present support for his contention that Officer Tursi intentionally or recklessly misled the issuing judge by omitting critical information about the confidential informant in the applications for the Ping and Personal Warrants. *See United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002). Further, Alvarez also failed to show that these omissions materially affected the issuing magistrates' probable cause determinations, especially in light of the corroborating

investigations that officers performed. *See Norris*, 942 F.3d at 909–10; *cf. United States v. Bennett*, 219 F.3d 1117, 1125 (9th Cir. 2000) (upholding probable cause determination based in part on officers' monitoring of drug transactions, even considering a confidential informant's diminished credibility).

**AFFIRMED.**